JUDGE BAER                                    COPY

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone:  (212) 637-2724
Facsimile:  (212) 637-2730



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :
                                             :
                    Plaintiff,               :
                                             :
        v.                                   :      07 Civ. _____
                                             :
JOSEPH HEAVEN and HEAVENLY                    :      COMPLAINT
FABRICS, INC.                                :
                                             :
                    Defendants.              :
                                             :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - x

        The United States of America, by its attorney, Michael J. Garcia, United States

Attorney for the Southern District of New York, for its complaint alleges as follows:

        1.      This is a civil action brought by the United States of America (the "United

States") against defendants Joseph Heaven and Heavenly Fabrics, Inc. ("Defendants") under the

False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), and the Small Business

Administration Act, 15 U.S.C. §§ 633-636.

        2.      On or about October 16, 2002, Joseph Heaven ("Heaven") applied to the United

States Small Business Administration ("SBA") for an Economic Injury Disaster Loan ("EIDL"),

claiming that Heavenly Fabrics, Inc. ("Heavenly Fabrics"), of which Heaven was the president

and sole shareholder, had suffered economic injury in connection with the September 11, 2001

terrorist attacks. Heaven falsely claimed in this application that he and Heavenly Fabrics had no pending lawsuits against them. In truth, when Heaven submitted his application materials to the SBA, there were at least two lawsuits pending against Heavenly Fabrics and at least one pending against Heaven. These lawsuits resulted in money judgments against Heaven and Heavenly Fabrics collectively exceeding $800,000.

3.     During November 2001 through February 2002, in reliance on the false statements in Heaven's loan application materials, the SBA loaned Heavenly Fabrics amounts totaling $537,400. The SBA would not have loaned Heavenly Fabrics $537,400 if it had known about these lawsuits.

4.     Shortly after the SBA disbursed the loan proceeds to Heavenly Fabrics, Defendants transferred more than $436,000 of the funds to a bank account held by Heavenly Apparel, Inc. ("Heavenly Apparel"), a company owned by Heaven's wife, Caryn S. Heaven, and a former Heavenly Fabrics employee. Although approximately $200,000 was transferred back to Heavenly Fabrics, Heavenly Apparel retained more than $230,000 of the loan proceeds. In addition, Heavenly Fabrics and Heavenly Apparel paid more than $60,000 to Heaven and his wife, and paid more than $90,000 to "cash." Heavenly Fabrics then ceased operations in February 2002.

5.     Heavenly Fabrics has defaulted on the EIDL. Neither Heavenly Fabrics nor Heaven, who personally guaranteed the EIDL, has repaid any portion of the amounts owed to the SBA.

6.     Accordingly, the United States seeks to recover damages sustained by, and penalties owed to, the United States as the result of: (1) Defendants having knowingly presented or in deliberate ignorance of, or in reckless disregard of the truth presented, or caused to be

presented, to the United States false or fraudulent claims for payment by the SBA in connection

with an EIDL; and (2) Defendants' wrongful misapplication of the proceeds of the EIDL.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the claims brought under the False Claims Act

pursuant to 31 U.S.C. § 3730(a) and 28 U.S.C. § 1331, and over all claims pursuant to 28 U.S.C.

§ 1345 and this Court's equitable jurisdiction.

8.    Venue lies in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C.

§ 1391(b), because Defendants applied for and received a loan from the SBA in this District, and

because the acts complained of herein took place in this District.

## PARTIES

9.    Plaintiff is the United States, on behalf of the SBA.

10.    Defendant Joseph Heaven resides at 346 Warren Drive in Woodmere, New York.

Heaven was the president and sole shareholder of Defendant Heavenly Fabrics, Inc., which was

located at 141 West 36th Street in New York, New York, and is now defunct.

## FACTS

### A.    THE SBA DISASTER LOAN FUND

11.    The United States, pursuant to the Small Business Administration Act, 15 U.S.C.

§§ 633-636, administers the Disaster Loan Fund, 15 U.S.C. § 636(b).  Congress created the

Disaster Loan Fund to "repair, rehabilitate or replace property, real or personal, damaged or

destroyed by or as a result of natural or other disasters, provided that such damage or destruction

is not compensated for by insurance or otherwise." 15 U.S.C. § 636(b)(1)(A).

12.    The SBA is the governmental body responsible for the administration of loan

disbursements for the Disaster Loan Fund.  In determining the amount of the loan to be made,

the SBA considers several factors relating to the prospective borrower: total liabilities and debt obligations, including tax liens, pending litigation, and adverse judgments; operating expenses that mature during the period affected by the disaster, plus the amount needed to maintain a reasonable working capital position during that period; and expenses that could have been met and a working capital position that could have been maintained had the disaster not occurred. 15 U.S.C. § 636(b).

13.    At all times relevant hereto, the SBA administered the Disaster Loan Fund in this District. After September 11, 2001, the SBA provided EIDL assistance to those businesses affected by the terrorist attacks on the World Trade Center. 15 U.S.C. § 636(b). The EIDLs provided businesses with operating funds at a reduced interest rate to assist businesses in recovering after the terrorist attacks.

14.    An EIDL applicant must submit a claim for Disaster Loan Relief on SBA Form 5, the Disaster Business Loan Application. The application requires the proprietor of the business to answer a number of questions including whether the person: has ever been involved in bankruptcy or insolvency proceedings; has any outstanding judgments, tax liens or pending lawsuits against him or her; has been convicted of certain criminal offenses; has had prior federal loans; or has been delinquent on any federal taxes, loans, contracts, grants or child support payments.

15.    The applicant must also file a Verification of Business Property Form, listing the assets and property of the applicant business. Sole proprietors must provide a personal financial statement.

16.    The person executing the application certifies individually and on behalf of the applicant business that, among other things: all information in the application is true and correct

to the best of his or her knowledge; all financial statements submitted with the application fully and accurately present the financial position of the business; he or she has not omitted any disclosures in the financial statements; and that he or she understands that false statements in the application may result in the forfeiture of benefits and possible prosecution by the U.S. Attorney General.

**B.    DEFENDANTS OBTAIN AN SBA DISASTER LOAN USING FALSE CLAIMS**

17.    On or about October 16, 2001, Heaven submitted an SBA Form 5 Disaster Business Loan Application to the SBA Disaster Loan Fund (the "Loan Application"), which he executed on behalf of Heavenly Fabrics, seeking $500,000 in disaster loan assistance from the SBA. Heaven also submitted an SBA Form 413 Personal Financial Statement (the "Financial Statement") setting forth the purported assets and liabilities of Heavenly Fabrics, of which he was the sole proprietor. Heaven made false statements in both the Loan Application and the Financial Statement.

18.    The Loan Application asked Heaven whether there were any outstanding judgments, tax liens, or pending lawsuits against him individually, and required Heaven to provide any relevant dates and details in his answer on additional sheets if necessary. Heaven answered the question: "No." As explained below, this was a false statement.

19.    The Financial Statement required Heaven to identify the amounts of any legal claims and judgments against Heavenly Fabrics. Heaven represented that the legal claims against Heavenly Fabrics were zero. This also was a false statement, as explained below.

20.    In truth, a lawsuit had been pending against Heaven and Heavenly Fabrics in the Southern District of New York since March 2001. Specifically, on or about March 13, 2001, Heaven and Heavenly Fabrics were named as counterclaim defendants in <u>Queenie, Ltd. v.</u>

- 5 -

Nygard International, et al., 99 Civ. 10286 (NRB) ("Queenie").  The counterclaim, brought by

Nygard International, asserted causes of action against Heaven and Heavenly Fabrics alleging,

inter alia, fraud and tortious interference with economic advantage, and sought $900,000 in

damages.  A jury trial in this case was held from October 9, 2001, to October 12, 2001.  On

October 12, 2001, just four days before Heaven submitted the Loan Application and Financial

Statement to the SBA, the jury returned a verdict for Nygard International, and assessed damages

against Heaven in the amount of $500,000 and Heavenly Fabrics in the amount of $250,000.

21.    Another lawsuit was pending against Heavenly Fabrics in New York State Court

at the time Heaven submitted the Loan Application and Financial Statement to the SBA.

Specifically, on or about February 14, 2000, Elm Industries, Inc., and Barry Dank brought a

breach of contract action in New York State Supreme Court, New York County, Index No.

124938/2000, against Heavenly Fabrics seeking approximately $34,000 in damages plus interest.

22.    Subsequently, on or about December 24, 2002, following a trial at which

Heavenly Fabrics failed to appear, Justice Barbara R. Kapnick issued an order requiring

Heavenly Fabrics to pay the plaintiffs $64,019.64 plus interest and costs to be determined.  On

January 17, 2003, Justice Kapnick entered a judgment against Heavenly Fabrics in the amount of

$80,436.88.

23.    In reliance upon the information Heaven provided to the SBA in his application,

including the false statements that Heaven had no pending lawsuits against him and that there

were no outstanding claims against Heavenly Fabrics, the SBA approved Heavenly Fabrics for a

disaster loan in the amount of $374,200.

24.    On or about November 15, 2001, Heaven executed an SBA Form 147-B secured

disaster loan note (the "Note").  Under the Note, the SBA agreed to loan Heavenly Fabrics

$374,200 at an annual interest rate of 4.0 percent. In return for the loan, Heaven promised, among other things, to make principal and interest payments to the SBA of $1,957 every month for 28 years beginning on November 11, 2002. By singing the Note, Heaven acknowledged and accepted personal obligation and full liability under the Note as the borrower.

25.    In accordance with the Note, the SBA disbursed a total of $374,200 to Heavenly Fabrics via three wire transfers – i.e., $5,000 on or about November 20, 2001, $369,000 on or about December 19, 2001, and $200 on or about January 9, 2002.

26.    On or about November 15, 2001, the same day that Heaven executed the Note, Heaven sent a letter to the SBA requesting that the SBA permit him to substitute the collateral he had pledged for the loan. Specifically, Heaven requested that the SBA accept the machinery, inventory and accounts receivables of Heavenly Fabrics as collateral instead of his residence located at 346 Warren Drive in Woodmere, New York. On or about November 26, 2001, the SBA granted Heaven's request to substitute the collateral. Heaven executed an Amended Loan Authorization and Agreement on or about December 10, 2001, reflecting this change in collateral.

27.    On or about December 27, 2001, Heaven requested that the SBA increase the amount of the disaster loan by $200,000 for working capital. Heaven again failed to disclose the existence of the aforementioned pending lawsuits against him and Heavenly Fabrics, or the adverse jury verdict against them.

28.    On January 10, 2002, the Court in Queenie entered judgment against Heaven in the amount of $500,000 and Heavenly Fabrics in the amount of $250,000, plus post judgment interest pursuant to 28 U.S.C.§ 1961. The judgment was amended on January 25, 2002, with no change to the money judgment against Heaven and Heavenly Fabrics. Heaven and Heavenly

Fabrics did not seek a stay of the amended judgment, which the Second Circuit subsequently affirmed on appeal.

29.    Heaven failed to disclose this money judgment to the SBA, which was considering Heaven's application for an increase of the loan amount.

30.    On January 22, 2002, upon further review of Heaven's alleged disaster losses, and in reliance upon the false statements in Heaven's loan application materials, the SBA approved a $163,200 increase of the loan, bringing the total loan amount to $537,400.  Heaven's monthly payments to the SBA under the loan increased to $2,504 beginning November 11, 2002.  The loan maturity was also extended to 30 years from the date of the note.  On or about February 4, 2002, the SBA transferred the additional $163,200 to Heavenly Fabrics.

31.    On June 1, 2002, the SBA advised Heaven in writing that, pursuant to legislation passed by Congress impacting the terms and conditions of the loan, Heaven's installment payments on the loan would be deferred until December 11, 2003, and the payment amounts would be $2,662 per month.

32.    Because of Heaven's false statements in the Application and Financial Statement regarding the pending lawsuits, the jury verdict against Heaven and Heavenly Fabrics for $500,000 and $250,000 respectively, and Heaven's subsequent failure to disclose the judgment entered against him and Heavenly Fabrics in those amounts, the SBA approved Defendants' application for a disaster loan and request to increase the loan amount.  The SBA would not have done so had it known about the lawsuits and judgment against Defendants.

C.    **DEFENDANT'S MISUSE OF THE LOAN PROCEEDS**

33.    The SBA disbursed a total of $537,000 to Heavenly Fabrics during the period November 20, 2001 through February 4, 2002.  Shortly after receiving the loan proceeds,

Defendants transferred a substantial portion of the funds to Heavenly Apparel and then closed Heavenly Fabrics.  Defendants also disbursed tens of thousands of dollars to Heaven and his wife.

34.     Heavenly Apparel was a separate company owned by Caryn S. Heaven, Heaven's wife, and Slawa Chojecki, a former employee of Heavenly Fabrics.  Heavenly Apparel was located at 1412 Broadway in New York, New York, and is now defunct.  Caryn Heaven filed a chapter 13 petition in the U.S. Bankruptcy Court for the Eastern District of New York on May 25, 2007.

35.     On December 19, 2001, Heavenly Fabrics received a wire-transfer from the SBA in the amount of $369,000.  On that same day, Defendants transferred $250,000 of those funds to a bank account held by Heavenly Apparel.

36.     On February 4, 2002, Heavenly Fabrics received a wire-transfer from the SBA in the amount of $163,200.  On that same day, Defendants transferred all of those funds to a bank account held by Heavenly Apparel.

37.     From December 2001 through February 2002, Defendants transferred a total of $436,000 to Heavenly Apparel's bank account.  Although Heavenly Apparel transferred $203,500 back to Heavenly Fabrics, it retained $232,500 of the loan proceeds.

38.     In addition, a total of $155,460.41 was collectively paid from the Heavenly Fabrics and Heavenly Apparel bank accounts to Joseph Heaven, Caryn Heaven, and "cash." Specifically, $14,662.05 was paid to Joseph Heaven, $46,682.75 was paid to Caryn Heaven, and $94,115.61 was paid to "cash."

39.     Heavenly Fabrics went out of business in February 2002.

40.     On December 11, 2003, Heavenly Fabrics or Heaven were required to begin making monthly installment payments of principal and interest to the SBA in the amount of $2,662.

41.     To date, not a single monthly installment payment has been made to the SBA. Heavenly Fabrics and Heaven have failed to repay any part of the loan.

## FIRST CLAIM
### Violation of the False Claims Act: Presentation of False Claims
### (31 U.S.C. § 3729(a)(1))

42.     The United States incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43.     As set forth above, Defendants knowingly presented, or in deliberate ignorance of, or in reckless disregard of the truth presented, or caused to be presented, to an officer, employee, or agent of the United States a false or fraudulent claim for payment by submitting a fraudulent application to the SBA to receive an Economic Injury Disaster loan.

44.     The United States, through the SBA, was unaware of the foregoing circumstances and conduct of Defendants, and in reliance upon said false claims, issued a loan of $537,400 at a reduced interest rate of 4.0 percent to Defendants.

45.     By reason of these false claims, the United States has sustained damages in the amount of $537,400.  Thus, the United States is entitled to seek treble damages of $1,612,200 (i.e., $537,400 x 3).  See 31 U.S.C. § 3729(a).

46.     The United States is also entitled to mandatory civil penalties ranging from $5,500 to $11,000 per false statement or claim made by Defendants to the United States.  31 U.S.C. § 3729(a)(1).

- 10 -

## SECOND CLAIM
### Violation of the False Claims Act:  Making or Using a False Record or Statement
### (31 U.S.C. § 3729(a)(2))

47.    The United States incorporates by reference paragraphs 1 through 41 above as if fully set forth herein.

48.    The United States seeks relief against Defendants under Section 3729(a)(2) of the False Claims Act, 31 U.S.C. § 3729(a)(2).

49.    As set forth above, Defendants knowingly presented, or in deliberate ignorance of, or in reckless disregard of the truth presented or used a false record or statement to get a false or fraudulent claim approved.  Specifically, Defendants knowingly, or in deliberate ignorance of, or in reckless disregard of the truth, submitted false statements, namely that there were no lawsuits pending against Heaven and Heavenly Fabrics and that no judgments had been entered against them, to the SBA to obtain an Economic Injury Disaster Loan.

50.    The United States, through the SBA, made payment on such false or fraudulent claims because of acts and conduct of Defendants.

51.    By reason of these false records and statements, the United States has sustained damages in the amount of $537,400.  Thus, the United States is entitled to seek treble damages of $1,612,200 (i.e., $537,400 x 3).  See 31 U.S.C. § 3729(a).

52.    The United States is also entitled to mandatory civil penalties ranging from $5,500 to $11,000 per false statement or claim. 31 U.S.C. § 3729(a)(1).

## THIRD CLAIM
### Violation of the Small Business Act
### (15 U.S.C. § 636(b)(2)(E))

53.    The United States incorporates by reference paragraphs 1 through 41 above as if fully set forth herein.

54.    The United States seeks relief against Defendants under the Small Business Act, 15 U.S.C. § 636(b)(2)(E).

55.    As set forth above, in connection with the foregoing scheme, Defendants wrongfully misapplied the proceeds of a loan obtained from the Disaster Relief Fund.  For example, Defendants transferred loan proceeds to another company owned by Heaven's wife and disbursed tens of thousands of dollars of the proceeds to Heaven and his wife.

56.    The United States, through the SBA, paid Defendants $537,400, based on the false records and statements of Defendants.

57.    By reason of these acts and conduct, Defendants are liable for $806,100 (i.e., 1.5 times the original principal amount of $537,400).  15 U.S.C. § 636(b)(2)(E)(2).

**FOURTH CLAIM**
**Common Law Fraud**

58.    The United States incorporates by reference paragraphs 1 through 41 above as fully set forth herein.

59.    Defendants made material misrepresentations of fact to the United States, with knowledge of their falsity, or with deliberate ignorance of, or in reckless disregard of, their truth, in connection with the loan application materials Defendants submitted to the SBA.  Specifically, Defendants misrepresented that there were no pending lawsuits or claims against Heaven and Heavenly Fabrics.

60.    Defendants intended that the United States and the SBA would rely upon the accuracy of the false representations referenced above.

61.    The United States, through the SBA, loaned Defendants $537,400 in justifiable reliance upon Defendants' false representations.

62.     Defendants' actions caused the United States to be damaged in an amount to be determined at trial.

## FIFTH CLAIM
## Unjust Enrichment

63.     The United States incorporates by reference paragraphs 1 through 41 above as fully set forth herein.

64.     By reason of the payment by the United States to Defendants, based on their erroneous claims for immediate relief, Defendants were unjustly enriched. The circumstances of Defendants' receipt of this payment are such that, in equity and good conscience, Defendants should not retain this payment, the amount of which is to be determined at trial.

## SIXTH CLAIM
## Payment Made Under Mistake of Fact

65.     The United States incorporates by reference paragraphs 1 through 41 above as if fully set forth herein.

66.     The United States seeks relief against Defendants to recover monies paid under mistake of fact.

67.     The SBA disbursed the EIDL to Defendants based on the erroneous information contained in Defendants' EIDL application materials. Defendants erroneously stated that Heaven and Heavenly fabrics had no pending lawsuits or claims against them, and that Defendants had complied with applicable SBA rules, guidelines, regulations, and program instructions. This erroneous information was material to the United States' decision through the SBA to make the loan disbursement to Defendants.

68.     Because of the disbursement by mistake, Defendants have received money to which they are not entitled.

69.     By reason of the foregoing, the United States was damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, the United States, requests that judgment be entered in its favor and against Defendants as follows:

a.  On the First Claim for Relief (Violation of the False Claims Act: Presentation of False Claims) for treble the United States' damages in the amount of $1,612,200 (i.e., $537,400 x 3), plus an $11,000 penalty for each false claim presented pursuant to 31 U.S.C. § 3729(a)(1);

b.  On the Second Claim for Relief (Violation of the False Claims Act: Making or Using a False Record or Statement), for treble the United States' damages in the amount of $1,612,200 (i.e., $537,400 x 3), plus an $11,000 penalty for each false claim made pursuant to 31 U.S.C. § 3729(a)(2);

c.  On the Third Claim for Relief (Violation of the Small Business Act), 15 U.S.C. § 636(b)(2)(E), in the amount of $806,100 (i.e., 1.5 x $537,400 );

d.  On the Fourth Claim for Relief (Common Law Fraud), in an amount to be determined at trial, together with costs and interest;

e.  On the Fifth Claim for Relief (Unjust Enrichment), in an amount to be determined at trial, together with costs and interest;

f.  On the Sixth Claim for Relief (Payment Made Under Mistake of Fact), in an amount to be determined at trial, together with costs and interest; and

g.  Awarding such further relief as is proper.

Dated: New York, New York
          September 11, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for Plaintiff
United States of America

By:    _____
PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2724
Facsimile: (212) 637-2730

- 14 -